The Honorable Jack Behr Public Defender First Judicial Circuit Post Office Box 12666 Pensacola, Florida 32574-2666
Dear Mr. Behr:
You have asked substantially the following question:
 Does s. 27.51(3), F.S., preclude an elected public defender or full-time assistant public defender from performing pro-bono legal assistance to indigent citizens of Florida?
In sum, I am of the following opinion:
 Section 27.51(3), F.S., precludes an elected public defender from providing pro-bono legal assistance; assistant public defenders, however, may perform pro-bono legal assistance in civil matters, as long as such service is secondary to their duties and does not involve the practice of criminal law.
Section 27.51(3), F.S., provides:
 Each public defender shall serve on a full-time basis and is prohibited from engaging in the private practice of law while holding office. Assistant public defenders shall give priority and preference to their duties as assistant public defenders and shall not otherwise engage in the practice of criminal law.
In AGO 73-460, this office considered whether a newly-elected public defender would be able to conclude matters which were begun in private practice before the election. Finding that the statutory prohibition in s. 27.51(3), F.S., contains no exception which would allow completion of such matters, it was concluded that the public defender must be completely disassociated from the private practice of law so long as he or she is in office.
Section 27.51(3), F.S., makes no distinction between compensated and uncompensated work; nor does it provide an exception for either. It would appear, therefore, that any legal assistance which a public defender might provide outside the duties of the public defender's office would be prohibited.[1] Accordingly, it is my opinion that the prohibition in s. 27.51(3), F.S., precludes a public defender from providing pro-bono legal assistance so long as he or she is in office.
Section 27.51(3), F.S., requires assistant public defenders to give priority and preference to their official duties, while they "shall not otherwise engage in the practice of criminal law." Previously, s. 27.51(3), F.S., provided that assistant public defenders "may engage in private practice of law only to the extent that it will not interfere with or prevent performance of their duties."[2] When this language was stricken, however, the statute was not altered to prohibit the practice of civil law by assistant public defenders.[3] Therefore, while s. 27.51(3), F.S., prohibits assistant public defenders from engaging in private practice involving criminal law,[4] it appears that the practice of civil law is permissible if secondary to the assistant public defender's official duties.
In the absence of a statutory prohibition against private practice by assistant public defenders, it is my opinion that s. 27.51(3), F.S., does not bar assistant public defenders from performing pro-bono legal assistance which does not involve the practice of criminal law and is secondary to the assistant public defenders' official duties.
Sincerely,
Robert A. Butterworth Attorney General
[1] Cf., AGO 73-46 (public defender's teaching of an evening law course at a state university after the normal hours of his duties as public defender have terminated does not involve the practice of law; public defender, however, may not receive additional compensation from state funds for such teaching).
[2] See, s. 27.51(3), F.S. (1979).
[3] See, s. 2, Ch. 80-376, Laws of Florida.
[4] Cf., AGO's 75-284 (s. 27.51[3], F.S., prohibits an assistant public defender from being a member of, or associated with, a private law firm which engages in the practice of criminal law in state or federal courts) and 77-104 (assistant public defender may have a relationship with an existing law firm under certain specific and unique facts).